SUNDQUIST v. HALLORAN et al.

(Second Division. Nome. October 17, 1917.)

No. 2732.

*(Syllabus by Editorial Staff.)*

1. MINES AND MINERALS ⬤�longdash⟩125—INJURIES TO ADJOINING LAND—IN-
JUNCTION.

   A court of equity may grant injunctive relief against an actual
   or threatened invasion of plaintiff's property by the discharge
   thereon of tailings, débris, etc., from defendants' mining claim.

2. MINES AND MINERALS ⬤�longdash⟩125—INJURIES TO ADJOINING LAND—IN-
JUNCTION—EVIDENCE.

   In a suit to enjoin the discharge of débris and tailings from a
   mining claim on plaintiff's claim, an intention on defendants' part
   to commit further acts of trespass on plaintiff's claim might be
   inferred from the previous invasion of plaintiff's property, cou-
   pled with the mining system and conditions pursued by defend-
   ants and existing on their mining claim.

Suit by L. A. Sundquist against Ed. Halloran and others,
copartners doing business as No. 19 Bench Company, and also
as individuals, for an injunction. Decree granting injunction.

Lyons & Orton, of Seattle, Wash., and O. D. Cochran, of
Nome, for plaintiff.

G. J. Lomen, of Nome, and Geo. D. Schofield, of Seattle,
Wash., for defendants.

TUCKER, District Judge. The complaint in this case al-
leges, among other matters, that the defendants have dis-
charged upon the plaintiff's mining claim earth, gravel, débris,
and tailings, and that they threaten further to discharge the
same upon said claim, to the irreparable damage of plaintiff,
and the plaintiff prays that the defendants be enjoined from
doing these things. The defendants deny in their answer the
allegations of the complaint. The defendants also present
other defenses to the issuing of an injunction against de-
fendants, none of which are tenable or applicable to the case
here.

There can be no doubt of the power of a court of equity
to grant injunctive relief in a case, if the evidence shows that

⬤�longdash⟩See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

there is an actual or threatened invasion of plaintiff's property. In Costigan on Mining Law, p. 532, it is said:

"In a state where placer mining is a leading industry, the fact that tailings are carried into an irrigation ditch and upon the land below, because of the operation of a placer mine, will not justify an injunction, if the damage to the lower proprietor is nominal or slight. The fact that, in addition, to polluting the running water, the appropriator has caused débris to be deposited on the lower proprietor's land, is, however, in all jurisdictions, a clear violation of the lower proprietor's rights, and in a given case may be a nuisance, and, of course, may call for and receive injunctive relief."

See, also, Pomeroy's Equity Jurisprudence, book 5, volume 1, section 501, wherein it is said:

"In the subject of trespass as elsewhere, the main function of an injunction is to preserve property from future injury. Courts will not, however, enjoin against a mere speculative or possible injury. Instead, a reasonable probability of the injury resulting must be shown. Hence, if defendant has neither done nor threatened any wrongful acts, and denies his intention to do the acts against which an injunction is sought, it will be refused. On the other hand, if plaintiff shows that defendant has threatened to do acts of the kind which equity enjoins, that is enough to rest his case upon. And threats may be purely verbal, without any acts, or they may consist of acts from which the inference as to defendant's intention may be made. * * *"

See, also, Moore v. Halliday, 43 Or. 243, 72 Pac. 801, and note, 99 Am. St. Rep. 724–731, et seq.

While the evidence in this case is more sharply conflicting than almost that of any case that has been before me, due evidently to the factional spirit of the parties and the witnesses on both sides, I am of the opinion that the preponderance of the evidence is with the plaintiff; (1) that there has been an actual invasion of plaintiff's mining claim by débris from defendants' mining claim; and (2) that the plaintiff is threatened with a further invasion of his property; for, although the defendants disclaim any intention of this, yet the previous invasion, coupled with the mining system and conditions pursued by the defendants and existing on their 19 Bench mining claim, justify the inference of defendants' intention to commit further acts of trespass upon plaintiff's 19 Creek claim below.

In addition to the prayer for an injunction against the discharging of débris, etc., on the plaintiff's claim, the complaint alleges the existence of certain pumps, flumes, and dams on or about said claim, and also prays for their removal; but, under all the circumstances of this case, I am of the opinion that the injunction order should be limited to restraining the defendants from discharging earth, gravel, tailings, and other mining débris on plaintiff's No. 19 Creek mining claim, and an ·order will be so entered.